**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

────────────────────────────────

**DONALD SLATER,**

                    **Petitioner**,

            **v.**                           **Civil No. 9:01-CV-0928
                                            (GLS/DEP)**

**VICTOR HERBERT,**

                    **Respondent.**

────────────────────────────────

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PETITIONER:**

DONALD SLATER
Plaintiff, *Pro Se*
98-B-1971
Attica Correctional Facility
Box 149
Attica, New York 14011-0149

**FOR THE RESPONDENT:**

HON. ELIOT SPITZER            MARIA MORAN
Office of Attorney General    Assistant United States Attorney
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204

**Gary L. Sharpe
U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Pending is petitioner *pro se* Donald Slater's objections to Magistrate Judge David E. Peebles's Report which recommended denial of Slater's *habeas corpus* petition because all of his allegations are without merit. *See Judge Peebles' Report-Recommendation ("R&R"), Dkt. No. 20; Slater Objections, Dkt. No. 21*. Slater commenced this action pursuant to 28 U.S.C. § 2254 on June 4, 2001. In his petition, he argued that 1) his due process rights were violated when the trial court inadequately instructed the jury as to the elements of kidnapping and refused to charge the defense of justification, and 2) his conviction for two counts of assault in the second degree should have been dismissed since assault in the second degree is a lesser included offense of assault in the first degree, for which he was also convicted.

With the exception of his objection to Judge Peebles' treatment of the kidnapping jury charge, which the court reviews *de novo*, Slater has raised new grounds for relief in his objections. Because he failed to raise these grounds before the Magistrate Judge, Slater has procedurally

defaulted, and the court applies a clearly erroneous standard of review. Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the Report-Recommendation in its entirety.[1]

## II.  Background

Following a jury trial, Slater was convicted in Onondaga County Court of various crimes, including kidnapping and assault, arising from an abduction and assault of a woman who he ran over with his vehicle.  Slater was sentenced to indeterminate sentences of twenty-five years to life on the charges of attempted murder in the second degree, kidnapping, assault in the first degree, attempted assault in the first degree, and assault in the second degree; a concurrent indeterminate term of two years to life for unlawful imprisonment; and twelve years to life for the reckless endangerment in the first degree count, with an additional one year concurrent term for the misdemeanor offense of criminal possession of a weapon in the fourth degree.  Slater appealed to the Fourth Department on

---

[1]The Clerk is hereby directed to append the Report-Recommendation to this decision.

several grounds,[2] and the Fourth Department reversed Slater's convictions for attempted murder and reckless endangerment, granting him a new trial on these counts.  The remainder of his conviction was left intact.  Slater's request for leave to appeal to the New York State Court of Appeals was denied on July 26, 2000.  This action followed.

### III.  **Discussion**[3]

### A.  **Standard of Review**

District courts are authorized to refer habeas corpus petitions to Magistrate Judges for proposed findings and recommendations regarding disposition.  *See Almonte v. NYS Div. of Parole*, No. 04-CV-484, 2006 WL 149049, at *3 (N.D.N.Y. Jan. 18, 2006).  When a report and recommendation is filed, the parties must comply with specified procedures if they seek statutorily mandated district court review.  *Id*.  The local rules further require that parties must file written objections that specify the

---

[2]Slater argued the following grounds on appeal: 1) that the jury's verdict of attempted murder and reckless endangerment were legally repugnant; 2) that the count for unlawful imprisonment is a concurrent inclusory count of kidnapping; 3) that the court's instruction regarding "attempt" was erroneous; 4) that the conviction was against the weight of the evidence; and 5) that he was denied a fair trial by the misleading identification instruction given to the jury.

[3]The court adopts the factual summary contained in Magistrate Judge Peebles' Report-Recommendation, dated July 7, 2005, and assumes familiarity with the facts alleged in Slater's petition. *See Dkt. Nos. 1, 20.*

4

findings and recommendations to which they object, and the basis for their objections. *Cf.* 28 U.S.C. § 636(b)(1)(C); Fᴇᴅ. R. Cɪᴠ. P. 72(b); L.R. 72.1(c).

If a party fails to object in a timely manner, it procedurally defaults and is not entitled to judicial review. *Almonte*, 2006 WL 149049, at *3 (citation omitted).  The doctrine of procedural default applies in the district courts as long as parties, including those appearing *pro se*, receive clear notice of the consequences of their failure to properly object. *Id.*  The notice requirement is satisfied if the report at least states that the failure to object will preclude appellate review.[4]  *Id.*

Moreover, lack of specificity also gives rise to procedural default. *Almonte*, 2006 WL 149049, at *4.  Objections must address specific findings and conclusions. *Id*.  Therefore, a party that limits its specific objections to a part of a report's findings or recommendations procedurally defaults as to the remainder. *Id*.  Frivolous or conclusory objections also fail to satisfy the specificity requirement. *Id*.  Furthermore, mere

---

[4]The following statement accompanies all magistrates' reports issued in this district: [P]ursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Almonte*, 2006 WL 149049, at *4 n.4 (citations omitted).

resubmission of the same papers and arguments as submitted to the Magistrate Judge fails to comply with the specificity requirement and also results in default. *Id*.

The district court must review *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved by compliance with the specificity requirement. *Id*. *De novo* review requires that the court give fresh consideration to those issues to which specific objections have been made. It will examine the entire record, and make an independent assessment of the magistrate judge's factual and legal conclusions. *Id.* at *5 (internal quotation and citation omitted). After review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge ... [and] may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* (citations omitted).

When a party procedurally defaults, it is within the court's discretion to elect which standard it deems proper to apply. *Almonte*, 2006 WL 149049, at *6. This court will apply a "clearly erroneous" standard, and defines that phrase as follows: a report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and

6

affects substantial rights.  *Id*.

Accordingly, when required by statute or rule or when the court's routine review so dictates, the court will make a *de novo* determination of findings and recommendations.  *Id*.  Absent *de novo* review, the court will apply a clearly erroneous standard.  *Id*.  Furthermore, the court will routinely identify issues which have been procedurally defaulted, and articulate the standard of review applied to all issues.  *Id*.

## B.   Objections

_____Slater objects to the report's treatment of his contention that the trial court failed to adequately charge the jury on the elements of kidnapping in the second degree, unlawful imprisonment, assault in the first degree, and assault in the second degree.  As an initial matter, Slater failed to raise his objections to the jury instructions on the unlawful imprisonment and assault counts before the Magistrate Judge and has thus procedurally defaulted on these claims.  *See Almonte*, 2006 WL 149049, at *3.  Nevertheless, the court will address their merits.[5]

---

[5]In the *habeas corpus* context, a finding that a claim was unpreserved for appellate review is a finding of procedural default.  *Duren v. Bennett*, 275 F.Supp.2d 374, 380 (E.D.N.Y. 2003); *see also*, CPL § 470.05.  To overcome this default, the petitioner must demonstrate both good cause for and actual prejudice resulting from his noncompliance with this procedural rule.  *Garcia v. Lewis*, 188 F.3d 71, 76-77 (2d Cir. 1999).  A further exception exists where a petitioner can show that the denial of habeas relief would leave unremedied a "fundamental

Before a federal court may overturn a conviction due to an allegedly erroneous jury instruction, "it must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment."  *Cupp v. Naughten*, 414 U.S. 141, 146 (1973). "[A] judgment of conviction is commonly the culmination of a trial which includes testimony of witnesses, argument of counsel, receipt of exhibits in evidence, and instruction of the jury by the judge."  *Henderson v. Kibbe*, 431 U.S. 145, 1543 (1977).  "The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal." *Id.* at 154 (footnote omitted).  Moreover, "[a]n omission, or an incomplete instruction, is less likely to be prejudicial than is an actual misstatement of the law." *Id.* at 155.

### 1.     Kidnapping in the Second Degree

---

miscarriage of justice – that is, where a person who is actually innocent has been convicted and incarcerated because of a constitutional violation." *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).  Slater has not demonstrated good cause or a fundamental miscarriage of justice. Nevertheless, as stated, the court will address the merits of Slater's jury instruction claims.

Slater contends that the trial judge failed to charge the jury with what he refers to as 'the seven essential elements' of kidnapping in the second degree.  Judge Mulroy's instructions on the kidnapping charge were as follows:

> "In order for you to find the defendant guilty of this crime, the People are required to prove from all the evidence in the case beyond a reasonable doubt each of the following seven elements; that on or about February 27, 1998, in this county, the defendant put Jacqualyn Stasko into a motor vehicle, thus restricting her movements in such a manner as to interfere substantially with her liberty; two, that the defendant intentionally so restricted Jacqualyn Stasko's movements; three, that at the time he so restricted Jacqualyn Stasko's movements, the defendant did so by confining her in the place where the restriction began; four, that the defendant so restricted Jacqualyn Stasko's movements without her consent...accomplished by physical force, intimidation or deception.  Five, that the defendant unlawfully so restricted Jacqualyn Stasko's movements; six, at the time he so restricted Jacqualyn Stasko's movements, the defendant knew that such restriction was unlawful...[s]even, that the restraint constituted what the law calls "abduction"; i.e., that the defendant so restrained Jacqualyn Stasko with the intent to prevent her liberation by using or threatening to use deadly force." *See Tr. 1012-1015*.

Judge Mulroy clearly instructed the jury on the elements of kidnapping in the second degree.  *See* LYMAN H. SMITH, *ET AL.*, CRIMINAL JURY INSTRUCTIONS NEW YORK, PL § 135.20, p. 512 (1st ed. vol. 2 1979).  Moreover, Slater has not asserted any specific violation of his Fourteenth Amendment rights.  While the instructions may have been unsatisfactory to

Slater, they were more than sufficient to afford a criminal defendant due process of law.  Accordingly, having applied a *de novo* standard of review, the court finds that the jury instructions on the kidnapping charge did not violate Slater's due process, and his petition is **DENIED** on this ground.

### 2.   Assault in the First Degree, Assault in the Second Degree, Unlawful Imprisonment

Although the court could readily dismiss the rest of Slater' jury instruction claims due to his procedural default, it has nonetheless reviewed their merits, applying a clearly erroneous standard of review.

Slater contends that the trial judge inadequately instructed the jury on the essential elements of assault in the first degree, assault in the second degree, and unlawful imprisonment.  Although Slater claims that the trial court's jury instructions were inadequate, he does not identify specific errors in Judge Mulroy's instructions.

Regarding the unlawful imprisonment count, Judge Mulroy explained, "a person is guilty of unlawful imprisonment in the first degree when he restrains another person under circumstances which expose the latter to a risk of serious physical injury."  *Tr. 1015.*  He then explained in detail what each element required the jury to find factually.  Regarding the assault in

10

the first degree count, Judge Mulroy instructed, "a person is guilty of assault in the first degree when, in the course of and in furtherance of the commission of the crime of unlawful imprisonment in the first degree, that person causes serious physical injury to a person other than one of the participants; i.e., one of the perpetrators." *Tr. 1015-1016.* Likewise, Judge Mulroy explained, "[u]nder our law, a person is guilty of assault in the second degree when, with intent to cause serious physical injury to another person, he causes such injury to that person." *Tr. 1021.* In the same manner as he did with all the other counts, Judge Mulroy explained in detail what each element of both assault counts required the jury to find factually.

The court has reviewed the trial transcript and finds no clear error in Judge Mulroy's instructions to the jury on these charges. *See* LYMAN H. SMITH, *ET AL.*, CRIMINAL JURY INSTRUCTIONS NEW YORK, PL §§ 120.05, 120.10, 135.10, pp. 100, 129, 505 (1st ed. vol. 2 1979). Accordingly, the jury instructions on the charges of assault in the first degree, assault in the second degree, and unlawful imprisonment did not violate Slater's due process, and his petition is **DENIED** on these grounds.

### IV.  Conclusion

11

Having reviewed the objected-to portions of the Report-Recommendation *de novo*, the remainder under a clearly erroneous standard, and Slater's objections, this court accepts and adopts the recommendation of Judge Peebles for the reasons stated in the July 7, 2005 Report-Recommendation.

**WHEREFORE**, it is hereby

**ORDERED** that Slater's petition is **DISMISSED** and the relief sought is **DENIED**, and it is further

**ORDERED**, that the clerk serve a copy of this Decision and Order upon the parties.

**IT IS SO ORDERED.**

April 17, 2006
Albany, New York

United States District Court Judge

12