IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

DONALD SLATER,

        Petitioner,

v.                                                   Civil Action No.
                                                            9:01-CV-0928 (GLS/DEP)

VICTOR HERBERT,

        Respondent.

---

APPEARANCES:                 OF COUNSEL:

FOR PETITIONER:

DONALD SLATER, *Pro Se*

FOR RESPONDENT:

HON. ANDREW M. CUOMO      PRISCILLA I. STEWARD, ESQ.
Attorney General of the          Assistant Attorney General
State of New York
120 Broadway
New York, New York 10271

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

     Petitioner Donald Slater, a New York State prison inmate, commenced this proceeding seeking habeas review of a state court criminal conviction, pursuant to 28 U.S.C. § 2254.  Following the entry of

judgment dismissing his petition, Slater filed a notice of appeal outside of the normally-prescribed period, and thereafter sought a certificate of appealability from the United States Court of Appeals for the Second Circuit. While observing that petitioner's notice of appeal was untimely, thereby potentially divesting the court of appellate jurisdiction, the Second Circuit also acknowledged petitioner's assertion that a prior, timely notice of appeal was sent by him to the district court, though it was apparently never received. The Second Circuit therefore remanded the matter to this court and tasked it with factfinding responsibilities with respect to that claim.

Having carefully reviewed the submissions filed on behalf of the respondent in connection with the issue identified by that court, and in view of petitioner's failure to file a responsive submission addressing the matter, I recommend a finding that petitioner did not, as he now claims, mail a notice of appeal to the district court on or about May 10, 2006.

I.   BACKGROUND

Petitioner commenced this proceeding on June 11, 2001, challenging a 1998 Onondaga County Court conviction for various crimes including, *inter alia,* kidnaping and assault, arising from his abduction of a

woman who was run over by Slater's vehicle during the course of the incident. In support of his petition, Slater argued that the trial court inadequately instructed the jury as to the elements of kidnaping and refused to include a jury charge regarding the defense of justification, in violation of his right to due process, and additionally that his conviction for two counts of assault in the second degree should have been set aside as lesser included offenses falling within the ambit of first degree assault, for which he was also convicted. Consideration by the court of Slater's habeas claims resulted in the issuance on July 7, 2005 of a report in which I recommend denial of the petition, and of a subsequent memorandum-decision and order issued on April 18, 2006 by District Judge Gary L. Sharpe accepting the recommendation and directing dismissal of his petition. Judgment was accordingly entered on April 18, 2006, dismissing Slater's petition and denying the relief sought.

    On September 27, 2006 petitioner filed a notice of appeal. Dkt. No. 26. In apparent recognition of the untimeliness of that notice, though without offering any explanation as to why the motion was filed after submission of the untimely September 27, 2006 notice of appeal, petitioner moved on October 23, 2006 for enlargement of the time within

which to file a notice of appeal from the April 18, 2006 judgment. Dkt. No. 27. In that motion, petitioner asserted that he had previously forwarded to the court a notice of appeal, dated May 10, 2006, while incarcerated in the Attica Correctional Facility ("Attica"); Slater's motion did not provide any other specifics, however, regarding the mailing of that notice. Dkt. No. 27. The motion, with respect to which respondent took no position, was denied as untimely by order issued by District Judge Gary L. Sharpe on January 18, 2007. Dkt. No. 32.

On January 24, 2008 a panel of the United States Court of Appeals for the Second Circuit issued an order in which it determined, *sua sponte*, that the notice of appeal filed on September 27, 2006 was untimely, remanding the matter to this court for factfinding as to whether, as petitioner contends, he did in fact mail a notice of appeal to the court on May 10, 2006; that order was issued as a mandate on February 28, 2008. Dkt. No. 37.

II. <u>PROCEDURAL HISTORY</u>

In response to the Second Circuit's request for judicial factfinding regarding the issue central to the jurisdictional inquiry, I issued a text notice directing the filing by respondent of a submission addressing the

issue on or before March 28, 2008, and affording petitioner the opportunity to counter that submission on or before April 11, 2008. In response to that directive respondent submitted an affidavit of counsel, accompanied by a letter from a DOCS employee, setting forth information regarding petitioner's use of the legal mail system at Attica during the period in question. Dkt. No. 38. Upon review of that submission, perceiving a lack of evidentiary value with respect to the accompanying letter, the court directed respondent's counsel to secure an affidavit containing the critical information, and correspondingly extended the petitioner's time to address respondent's submission.

On May 12, 2008 the court received an affidavit from Sandra Prusak, a DOCS Inmate Records Coordinator II assigned to Attica. Dkt. No. 40. In her affidavit, Ms. Prusak states that based upon her search of available records petitioner "did not use any free legal postage for the week of May 8, 2006, nor did he submit a disbursement for extra postage for any mail during that timeframe."[1]  *Id.* ¶ 2. Petitioner has not responded to that affidavit.

III. DISCUSSION

---

[1] In her affidavit Ms. Prusak also notes that records are not maintained at Attica reflecting the identities of legal mail addressees. Prusak Aff. (Dkt. No. 40) ¶ 2.

The limited record now before the court contains potentially conflicting accounts regarding the May 10, 2006 notice of appeal. In his motion to extend the time to appeal, submitted under penalty of perjury, Slater claims to have mailed the notice in a timely fashion "by depositing the papers, enclosed in a first class post paid wrapper, in an official depository [sic] under the exclusive care and custody of the United States Postal Service within New York State, addressed to [the] Court, . . . . ." Dkt. No. 27 at p.1. Petitioner also claims to have forwarded a copy of the notice to the Office of the New York State Attorney General "by placing said document(s) in a properly addressed envelope with postage prepaid and placing said envelope in the prison mailbox located in Cell Block D of the Attica Correctional Facility." *Id.*, Proof of Service.

Presumably, since he was an inmate designated to Attica at the time, the mailbox referenced in petitioner's declaration is one maintained as part of the Attica prison mail system. Records from that facility, however, are strongly indicative of the fact that the petitioner did not send any outbound legal mail during the week of May 8, 2006, nor was there any disbursement made on Slater's behalf for extra postage during that timeframe. Given the opportunity to explain this apparent discrepancy,

6

petitioner has instead chosen to stand mute.

Under these circumstances, the records at Attica tend to establish that petitioner did not in fact mail a notice of appeal to the court in connection with this matter on or about May 10, 2006.  This conclusion is buttressed by the fact that the Office of the New York State Attorney General also did not receive a copy of the notice in or about May of 2006, despite petitioner's contention that he mailed it to that office as well, respondent claiming only to have been served with a notice of appeal dated September 22, 2006 and received on October 1, 2006.[2]  *See* Steward Decl. (Dkt. No. 38) ¶ 3.

Given these facts and petitioner's failure to controvert them, despite being given the opportunity to do so, I conclude that the matter may properly be decided at this juncture on the papers, without the requirement of an evidentiary hearing.  *See Jackson v. Conway*, No. 05-CV-571, 2008 WL 850326, at *3-4 (W.D.N.Y. Mar. 28, 2008) (citing 28 U.S.C. § 2254(e)(2)).  Accordingly, I recommend a finding that petitioner did not mail a notice of appeal to this court on or about May 10, 2006 seeking

---

[2]     The record in this case contains no notice of appeal actually bearing this date.  Respondent's counsel may be referring to petitioner's cover letter, which is dated May 22, 2006, forwarding a notice of appeal dated May 10, 2006 and advising that it had previously been sent to the court.  Dkt. No. 26-2.

7

review of the judgment entered on April 18, 2002 dismissing his habeas petition in this matter, as now claimed.

III.    SUMMARY AND RECOMMENDATION

Based upon careful consideration of the available evidence, considered in light of petitioner's failure to avail himself of the opportunity to respond and explain the apparent discrepancies between his version of the relevant events and available records at Attica, I recommend that the court enter a finding with regard to the issue now presented, without the necessity of conducting an evidentiary hearing.  It is therefore, hereby

RECOMMENDED that the court enter a finding that petitioner did not mail a notice of appeal to this court on or about May 10, 2006, as claimed, appealing from the judgment entered in this matter on April 18, 2006.

NOTICE:  pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report-recommendation.  Any objections shall be filed with the Clerk of the court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:   June 24, 2008
         Syracuse, NY

_____
David E. Peebles
U.S. Magistrate Judge